## CUFF *vs.* DORLAND.

Although the granting of a decree for a specific performance rests in the discretion of the court, this means a sound and reasonable discretion; and where a contract respecting real property is, in its nature and circumstances unobjectionable, it is as much a matter of course for courts of equity to decree a specific performance of it as it is for a court of law to give damages for the breach of it.

Where the vendor of real estate was a widow, an invalid confined to her house for many years, living with no male friends or relatives, holding no intercourse with the world, in embarrassed circumstances and depressed in mind; *Held*, that the purchaser, instead of writing the agreement as soon as the vendor had consented to sell the land, and inducing her to sign it on the spot, should first have suggested to her to send for a friend, or legal adviser, and have left the proposed agreement for her more deliberate perusal, and for examination by her friend or adviser; and that the omission of these precautions, under the circumstances, though it might have occurred without any intention of taking advantage of the vendor's situation, and of her inexperience in business, was of such a nature as to characterize the contract as objectionable, and one which a court of equity would not lend its aid to enforce.

Where the party against whom a decree for specific performance is sought, shows to the satisfaction of the court that he entered into the contract under a *bona fide* misapprehension in a material point, the contract will not be carried into effect.

Where a vendor and her legal adviser have not been sufficiently decided in repudiating the contract and in stating the precise grounds of her objection to it, and their indecision and want of candor have caused the purchaser much trouble and expense, the court, although it refuses to decree a specific performance by the vendor, will allow no costs to her.

THIS action was brought by the purchaser, against the vendor, to enforce the specific performance of a contract for the sale and conveyance of real estate.

CLERKE, J. Although it has been often said that the granting of the relief prayed for in this case rests in the discretion of the court, this of course is well understood as meaning a sound and reasonable discretion ; and consequently, where a contract respecting real property, is in its nature and circumstances unobjectionable, it is as much a matter of course for courts of equity to decree a specific perform-

Cuff *v.* Dorland.

ance of it, as it is for a court of law to give damages for the breach of it.

1. Is the contract before me in its nature and circumstances unobjectionable ?

. Undoubtedly, as I intimated on the trial, when I denied the motion to dismiss the complaint, I could perceive nothing in the plaintiff's conduct amounting to fraud or gross moral culpability of any kind ; yet from what was developed in the testimony of the defendant, I am inclined to think that the plaintiff did not act, under the circumstances, in all respects as he should have acted. The defendant was a widow, an invalid confined to her house for many years, living with no male friends or relatives, holding no intercourse with the world, in embarrassed circumstances, and depressed in mind. Under such circumstances what course should the plaintiff have adopted ? In my opinion, instead of writing the agreement as soon as she consented to sell the lots, and inducing her to sign it on the spot, he should first have suggested to her to send for a friend, or her legal adviser if she had one, or if not, to advise her to procure one, and to leave the proposed agreement for her more deliberate perusal, and for examination by her friend or adviser. The plaintiff may have omitted this precautionary conduct without any intention of taking advantage of the position in which the defendant was placed, and of her inexperience in business ; yet the omission, under the circumstances, is of such a nature as, I think, to characterize the contract as objectionable ; which a court of equity will not lend its peculiar and extraordinary jurisdiction to enforce.

2. One other reason would induce me to deny the relief prayed for by the plaintiff. It is now well settled that where the party against whom the decree is sought, shows to the satisfaction of the court that he entered into the contract under a *bona fide* misapprehension in a material point, the contract will not be carried into effect. (*See Story's Eq. Jur.* § 749, *edition of* 1866.) Mrs. Dorland testifies posi-

tively that she understood the whole purchase money was to be paid in cash. In this she is fully confirmed by her daughter and Mr. Vernon. Although the plaintiff testifies that he read the contract to her, distinctly, yet it is not improbable that she did not understand the provision relative to the time of payment; particularly as it said nothing of securing the unpaid portion of the consideration money by a mortgage on the premises. Although this is an omission which equity would supply, yet it affords some reason for believing it not to be improbable that the defendant labored under the misapprehension she speaks of in regard to the payment of the consideration money; and this may explain the reason why she was induced to take so much less for the property than she first required.

I am not, however, entirely satisfied with the conduct of the defendant after she became cognizant of the exact provisions of the contract, and obtained legal advice. Neither she nor her legal adviser was decided enough in repudiating the contract, and in stating the precise grounds of her objection to it. Their undecided, and I may say uncandid, conduct in this respect, caused him much trouble and expense. I will, therefore, allow no costs to the defendant.

The complaint must be dismissed, without costs.

[NEW YORK SPECIAL TERM, October 7, 1867. *Clerke*, Justice.]